STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry V. ANDERSON, Defendant-Appellant.†

Court of Appeals

*No. 97–1600–CR. Submitted on briefs October 28, 1997.—Decided December 16, 1997.*

(Also reported in 573 N.W.2d 872.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Associates* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William C. Wolford,* assistant attorney general.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J. We previously affirmed Terry Anderson's convictions for securities fraud, theft by a bailee, and forgery relating to his scheme where he sold partnership shares in IVC Rentals to various investors who were to receive the benefit of a tax shelter and interest ranging from eleven to twelve percent per year return on their investment. At the time the trial court imposed sentence, it deferred a determination of restitution until after the appeal was concluded. Upon remand from our court, the trial court conducted a restitution hearing and subsequently issued its restitution order which is the subject of this appeal.

Anderson raises two arguments in his appeal from the trial court's order requiring him to pay restitution in the amount of $95,445.69. First, he contends the trial court erred by concluding that periodic payments made to the investors were interest payments and not a return of principal. Second, he argues the investors'

attorney fees incurred in their action against a third party accounting firm cannot be awarded as special damages under the restitution statute. We reject his contentions and affirm the restitution order.

There is no dispute that many of the investors lost money in Anderson's partnership scheme. What is in dispute is how much. Each of the investors lost funds which had been invested with Anderson, but some of the investors received money from Anderson labeled as return of capital. Additionally, some of the investors also sued the accounting firm where Anderson was a member when he solicited funds from these investors. The accounting firm settled the civil suit for $190,000, but the investors' attorneys deducted a percentage from this amount for their attorney fees as part of a contingency fee agreement. These litigation costs totaled $28,313.66.

In its restitution order, the trial court concluded that the money Anderson had returned as "return of capital" was interest and, therefore, would not reduce the investors' recovery for restitution purposes. Additionally, the trial court concluded that the investors' attorney fees paid in their civil action to recover their losses were recoverable as special damages under the restitution statute.

## PAYMENTS FROM ANDERSON

Anderson claims the trial court erred by refusing to deduct the quarterly payments he made to the investors and which he labeled as return of capital on the various tax forms. He argues that under *State v. Sweat*, 202 Wis. 2d 366, 550 N.W.2d 709 (Ct. App. 1996), *rev'd on other grounds,* 208 Wis. 2d 409, 561 N.W.2d 695 (1997), restitution may not be awarded for investment moneys which have already been returned

to an investor as a return of capital. Anderson claims that at the restitution hearing, no victim contradicted his evidence that the tax returns and schedules showed these payments to the investors were treated as return of capital. Also, he contends the investors must have treated the money received as return of capital and not income for federal income tax purposes because this is how the partnership treated it. Finally, he contends the trial court's reference in its decision on restitution that "it is clear from the evidence and testimony in the Defendant's criminal trial that those amounts were distributed to the victims as interest on their investments" is not supported by the evidence.

When reviewing a trial court's order for restitution, this court must determine whether the trial court erroneously exercised its discretion. *State v. Boffer*, 158 Wis. 2d 655, 658, 462 N.W.2d 906, 907–08 (Ct. App. 1990). Additionally, a restitution hearing is not the equivalent of a civil trial and does not require strict adherence to the rules of evidence and burden of proof. *State v. Stowers*, 177 Wis. 2d 798, 806, 503 N.W.2d 8, 11 (Ct. App. 1993). A trial court's factual finding will not be reversed unless it is clearly erroneous. Section 805.17(2), STATS.

Although Anderson claimed he was making a return of capital, the trial court looked at the actual substance of the transactions and concluded that Anderson was actually paying interest to investors rather than returning their capital investment. The trial court had a proper basis for reaching this conclusion. The trial court had presided over Anderson's five-day criminal trial and recalled the testimony from the various investors who said that Anderson had promised to make quarterly interest

677

payments on their investments at an annual rate ranging from eleven to twelve percent. The trial court also observed that these "payments come close to, but never exceeded, either the full interest or a quarterly installment of the interest promised." The trial court also noted that the tax forms were prepared by Anderson in his capacity of operating partner and in furtherance of his efforts to defraud the investors. The trial court concluded that, "Even though the Defendant characterizes those amounts as 'returns of capital' it is clear from the evidence and testimony in the Defendant's criminal trial that those amounts were distributed to the victims as interest on their investments (not every victim received all or any of the interest payments promised)."

In its brief, the State cites substantial parts of the record supporting the trial court's conclusion that Anderson's periodic payments to the investors were interest payments rather than return of capital. For example, five investors testified at Anderson's trial that Anderson promised to pay interest on their investments. These promises varied with the investors, but ranged from eleven to twelve percent annually. As we said in *Sweat*, "Had Sweat not deceived these victims, they would have received their principal back plus a large sum of interest." *Id.* at 371, 550 N.W.2d at 710. The same principle applies in this case. The trial court's finding that Anderson's periodic payments to the investors were interest payments made before Anderson's scheme collapsed and not return of capital is not clearly erroneous. Consequently, the trial court correctly refused to deduct these interest payments from the amount required for restitution.

## ATTORNEY FEES

Several of the investors retained attorneys in an attempt to recover their losses suffered from Jonet & Fountain, an accounting firm where Anderson had been a partner when the crimes occurred. The accounting firm settled the civil suit for $190,000, and the attorneys deducted from this recovery costs for litigation.[1] The trial court allowed the victims to recover $28,313.66 in litigation costs as special damages in its restitution order.

Anderson reasons that under § 973.20(5)(a), STATS., the restitution statute[2] the court may award as "special damages" only those amounts that can be recovered by crime victims in a civil suit against the defendant, and because Wisconsin adheres to the "American Rule" under which litigants in a civil action must bear their own attorney fees, these attorney fees cannot be "special damages."

In a well-reasoned opinion, the trial court succinctly held:

> "In Wisconsin, attorney's fees are not an element of damages absent a statutory or contractual provision to the contrary." *Oakley v. Fireman's Fund of Wisconsin,* 162 Wis. 2d 821, 830, 470

---

[1] In their briefs, the parties refer to a 40% contingency fee agreement. However, in its decision, the trial court considered only $28,313.66 as payment for litigation costs.

[2] Section 973.20(5)(a), STATS., provides:

In any case, the restitution order may require that the defendant do one or more of the following:

(a) Pay all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing.

N.W.2d 882, 886 (1991). Wis. Stat. § 973.20(5)(a) grants the court the power to award "special damages" that could be recovered by crime victims in a civil suit. Special damages are damages "occurring as a natural consequence of the wrongful conduct, but not so necessarily foreseeable as to be implied in law." *Tym v. Ludwig,* 196 Wis. 2d 375, 384, 538 N.W.2d 600, 603 (Ct. App. 1995). Although prevailing litigants are generally not entitled to the costs of litigation, such fees are recoverable "where they are the natural and proximate result of a wrongful act by the defendant which subjects the plaintiff to [litigation] with a party other than the defendants." *Winkelman v. Beloit Memorial Hospital,* 168 Wis. 2d 12, 28, 483 N.W.2d 211, 217 (1992). The Defendant's wrongful conduct forced the crime victims to institute a civil suit against the Jonet & Fountain partnership in order to protect their interests. Thus, I am satisfied that the attorneys' fees they incurred in that litigation are special damages such as they would be entitled to recover in a civil suit.

This conclusion reinforces a primary goal of restitution, returning the victim to the position the victim was in prior to the injury caused by the defendant. *State v. Dugan,* 193 Wis. 2d 610, 621 (Ct. App. 1995). Unlike interest payments, which reimburse for the lost opportunity involved in not having the use of capital, this involves the loss of the capital, itself. To not order attorney fees would reward a defendant for his illegal activity, especially in cases where the third party would seek no reimbursement from the defendant, as the defendant then only would be obligated to pay the amount of the damages he caused, *reduced* by the attorneys fees he forced his victims to incur.

We agree with the trial court which correctly noted in its decision that our supreme court recognizes an exception to the "American Rule" where the incurred attorney fees are the natural and proximate result of a wrongful act by the defendant which subjects the plaintiff to litigation with a party other than the defendant. *Winkelman v. Beloit Mem'l Hosp.*, 168 Wis. 2d 12, 28, 483 N.W.2d 211, 217 (1992). Additionally, we have recognized that an award of attorney fees may be awarded as damages to parties who, because of the tortious conduct or breach of contract by another, have had to protect their interest by bringing or defending an action against or by a third party. *Silverton Enter. v. General Cas. Co.,* 143 Wis. 2d 661, 675, 422 N.W.2d 154, 159 (Ct. App. 1988). Likewise, our supreme court has held that injured persons may recover all damages reasonably caused by someone's fraud, including consequential or special damages. *See Gyldenvand v. Schroeder,* 90 Wis. 2d 690, 698, 280 N.W.2d 235, 239 (1979).

Anderson focuses on the trial court's use of the word "forced" in its decision, contending that the investors were not forced to file a lawsuit against the accounting firm and, therefore, the fees are not recoverable as restitution. Anderson places too much emphasis on the trial court's use of the word "force." More importantly, the focus should be directed at the fact that Anderson defrauded the investors of a substantial amount of money. It is reasonably foreseeable that because of this fraud, it would be necessary for the investors to protect their interests and attempt to recover their losses by initiating lawsuits against any other party that would be civilly or criminally responsible for the losses.

We should construe the restitution statute broadly and liberally in order to allow victims to recover their losses as a result of a defendant's criminal conduct. The award of attorney fees as restitution is consistent with the purpose of restitution and to not order attorney fees in this case would permit Anderson to escape responsibility for actual losses suffered by his victims. We declared in *State v. Dugan*, 193 Wis. 2d 610, 621, 534 N.W.2d 897, 901 (Ct. App. 1995), that the purpose of restitution is to return the victims to their position prior to the injury caused by the defendant. Also, in *Boffer*, 158 Wis. 2d at 662–63, 462 N.W.2d at 909–10, we observed that the restitution statute is drafted to permit the trial court to order restitution in order to make the defendant's victim whole within the defendant's ability to pay.[3] Furthermore, in *Luebke v. Miller Consulting Eng'rs*, 174 Wis. 2d 66, 75–76, 496 N.W.2d 753, 757 (Ct. App. 1993), we held in connection with a civil action that when a misrepresentation is made, it is important that the defrauding party not benefit from it, and thus any reasonable costs which are a result of the fraud should be the responsibility of the defrauding party.

It follows naturally that when a defendant defrauds people, reasonable attorney fees expended to recover their losses from parties who are civilly or criminally liable may be awarded as restitution. Here, the investors' civil action against Anderson's accounting firm appears perfectly reasonable and the attorney fees expended in this suit are a natural and proximate result of Anderson's fraud. It also follows

---

[3] Anderson does not raise his ability to pay as an issue.

that litigation costs could be recovered in a civil action against Anderson for his conduct in the commission of the crimes for which he was convicted.

Finally, Anderson in his reply brief contends that the State failed to demonstrate that the attorney fees were reasonable. A review of the record shows that he did not raise this as an issue before the trial court. It is elementary that an appellate court need not consider arguments raised for the first time on appeal. *Evjen v. Evjen,* 171 Wis. 2d 677, 688, 492 N.W.2d 361, 365 (Ct. App. 1992). Additionally, issues raised for the first time in a reply brief are in violation of the rules of appellate procedure and will not be considered. *See Northwest Wholesale Lumber, Inc. v. Anderson,* 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502, 508–09 n.11 (Ct. App. 1995). Therefore, because the trial court reasonably exercised its discretion when determining restitution, the order is affirmed.

*By the Court.*—Order affirmed.