COURT OF APPEALS
DECISION
DATED AND FILED

May 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2087-CR**

Cir. Ct. No. 2020CF410

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAECORION J. ROBINSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before White, C.J., Donald, P.J., and Geenen, J.

¶1 DONALD, P.J. Daecorion J. Robinson appeals from a judgment convicting him of harboring or aiding a felon and awarding the victims $10,820.12 in restitution. On appeal, Robinson contends that the circuit court erred in

ordering him to pay restitution because no causal connection exists between his crime and the victims' injuries. Under the particular facts of this case, we conclude that the circuit court erred in ordering Robinson to pay restitution. Accordingly, we reverse the part of his judgment ordering restitution, and remand with directions to enter an amended judgment of conviction that does not include restitution.

## BACKGROUND

¶2     On October 24, 2019, several children were crossing the street at an intersection in Milwaukee. Traffic was stopped and the children had the walk signal. A gray car, driving at a high rate of speed, went around the other vehicles that were stopped at the red light and struck three of the children crossing the street. The gray car did not stop to render aid. Two of the children struck passed away; the third suffered serious injuries.

¶3     A police investigation later revealed that Robinson's older brother, Daetwan Robinson, was driving the gray car, and sixteen-year-old Robinson was a passenger in the front seat.[1] After the incident, Robinson helped Daetwan spray paint the car black.

¶4     Daetwan entered a guilty plea to three counts of felony hit and run as a party to a crime, pursuant to WIS. STAT. § 346.67(1) (2023-24), and several other counts were dismissed and read-in.[2] Daetwan was sentenced to a total of thirty

---

[1] For ease of reading, we refer to the defendant-appellant as "Robinson" and his brother, as "Daetwan."

[2] Daetwan's and Robinson's criminal conduct took place in 2019; however, because the relevant statutory language has not changed, all references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

years of incarceration divided into twenty years of initial confinement and ten years of extended supervision. The circuit court ordered Daetwan to pay $10,820.12 in restitution to the Crime Victim Compensation Fund.[3]

¶5 Robinson was charged with, and entered a guilty plea to, one count of harboring or aiding a felon, contrary to WIS. STAT. § 946.47(1)(b). Robinson was sentenced to a total of three years and five months of incarceration divided into one year and five months of initial confinement and two years of extended supervision.

¶6 At the start of Robinson's sentencing hearing, the circuit court addressed restitution. The State indicated that the Crime Victim Compensation Fund submitted a claim in the amount of $10,820.12. The claim consisted of $10,000 related to funeral costs for the two children who passed away, and $820.12 in lost wages for the parents of the children.

¶7 Trial counsel opposed restitution. Trial counsel acknowledged that the "victims are entitled to full compensation," but argued that the loss was "not a result of Mr. Robinson's crime, but rather his brother's." Due to the complexity of the issue, the circuit court scheduled a separate date for a restitution hearing.

¶8 On October 19, 2021, a restitution hearing took place. Robinson did not contest the amount of restitution at issue, but whether he could be required to pay any restitution. Robinson argued in relevant part that there was no causal

---

[3] Daetwan's plea and sentencing information was obtained from Wisconsin's Consolidated Court Automation Program (CCAP). We take judicial notice of this information. *See* WIS. STAT. § 902.01; ***Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

connection between his crime and the damages given that his actions "did not set into motion" the events that caused the injuries.

¶9      The State argued that a causal connection existed between Robinson's actions and the harm sustained by the children and their families. The State contended that Robinson's conduct "directly impact[ed]" or had "the great potential to directly impact" the victims.

¶10     The circuit court ordered Robinson to pay restitution to the Crime Victim Compensation Fund in the amount of $10,820.12 jointly and severally with Daetwan. The court found that the hit and run committed by Daetwan was "interconnected" with Robinson's crime of aiding a felon.

¶11     In support of its decision, the circuit court found that the elements of harboring or aiding a felon required the State to prove that: (1) Daetwan was a felon; (2) Robinson knew that Daetwan had engaged in conduct which constituted the crime of hit and run; (3) Robinson altered or disguised the physical evidence; and (4) Robinson hid or disguised the physical evidence with the intent to prevent the apprehension, prosecution, or conviction of Daetwan. *See* WIS JI—CRIMINAL 1791 (2015); WIS. STAT. § 946.47(1)(b). The court further found that the jury instructions would have detailed the elements of hit and run. *See* WIS JI—CRIMINAL 1791, cmt. 4 (2015) (recommending that to satisfy the first element of harboring or aiding a felon "a complete listing of the elements of the 'embedded crime' [as identified in the uniform instruction] be provided"). In addition, the court found that it was "significant in this case that [Robinson] was there and knew everything that happened regarding the hit and run causing death."

¶12     Robinson now appeals.

**DISCUSSION**

¶13    On appeal, Robinson argues that the circuit court erred when it ordered him to pay restitution.

¶14    Wisconsin's restitution statute, WIS. STAT. § 973.20(1r), provides that a court "shall" order a defendant to pay restitution to "any victim of a crime considered at sentencing" unless "the court finds substantial reason not to do so[.]" A "[c]rime considered at sentencing" is statutorily defined as "any crime for which the defendant was convicted and any read-in crime." Sec. 973.20(1g)(a). However, consistent with Wisconsin's strong policy of compensating victims, "courts have interpreted 'crime considered at sentencing' quite broadly." *State v. Wiskerchen*, 2019 WI 1, ¶25, 385 Wis. 2d 120, 921 N.W.2d 730. The term "crime" encompasses "all facts and reasonable inferences concerning the defendant's activity related to the 'crime' for which the defendant was convicted, not just those facts necessary to support the elements of the specific charge of which the defendant was convicted." *State v. Madlock*, 230 Wis. 2d 324, 333, 602 N.W.2d 104 (Ct. App. 1999) (one set of quotation marks omitted).

¶15    Restitution is appropriate if the victim shows by a preponderance of the evidence "the amount of loss sustained … as a result of a crime considered at sentencing." WIS. STAT. § 973.20(14)(a). The victim needs to show "there is a 'causal nexus' between the crime and the victim's losses, such that the defendant's criminal activity was a 'substantial factor' in causing the losses." *Wiskerchen*, 385 Wis. 2d 120, ¶25 (citation omitted). "The court considers the defendant's 'entire course of conduct' in committing the crime of conviction, not merely the facts necessary to support the conviction." *Id.* (citation omitted).

¶16    Circuit courts have discretion "in determining whether the defendant's criminal activity was a substantial factor in causing any expenses for which restitution is claimed." *State v. Hoseman*, 2011 WI App 88, ¶13, 334 Wis. 2d 415, 799 N.W.2d 479 (citation omitted). When we review a circuit court's exercise of discretion, we examine the record to determine whether the court "logically interpreted the facts, applied the proper legal standard and used a demonstrated, rational process to reach a conclusion that a reasonable judge could reach." *State v. Johnson*, 2002 WI App 166, ¶7, 256 Wis. 2d 871, 649 N.W.2d 284.

¶17    Robinson concedes that the circuit court identified the correct legal standard, but argues that the circuit court "did not logically interpret the facts when applying the standard." According to Robinson, "the conduct for which he was sentenced, did not cause the loss suffered by the victims." In support, Robinson points to *State v. Tarlo*, 2016 WI App 81, 372 Wis. 2d 333, 887 N.W.2d 898.

¶18    We agree with Robinson that *Tarlo* is instructive. In *Tarlo*, the defendant was charged with five counts of possession of child pornography, and pled guilty to one of the counts. *Id.*, ¶2. The mother of a child victim alleged to be in one of the images found on the defendant's computer sought restitution for lost income. *Id.*, ¶3. She argued that she was deprived of income due to the arrest and incarceration of her husband (who was not the defendant) for producing the child pornography. *Id.* Adopting a court's commissioner recommendation, the circuit court ordered the defendant to pay $10,000 in restitution. *Id.*, ¶4.

¶19    On appeal, the defendant in *Tarlo* argued that the circuit court erroneously exercised its discretion in ordering him to pay restitution because the

family's loss of income was not a result of the defendant's viewing and possession of the image. *Id.*, ¶5. This court agreed, explaining that:

> [w]hile we are to "construe the restitution statute broadly and liberally in order to allow victims to recover their losses," those losses must still be shown to be "*as a result of a defendant's criminal conduct.*" It is a "bedrock principle" that restitution should reflect, and a defendant should be made liable for, "the consequences of the defendant's own conduct," "not the conduct of others."

*Id.*, ¶7 (citations omitted; alteration in original). This court went on to state that the evidence presented established "only financial losses incurred as a result of the earlier conduct of the mother's husband in producing the child pornography" and did not establish that any of the losses resulted from the defendant's criminal conduct of viewing and possession of the image. *Id.*, ¶¶8-9. This court observed that "[a] 'result' of a crime follows from the commission of the crime; the result does not precede the crime." *Id.*, ¶18 (citations omitted). Thus, this court concluded that "[the defendant's] actions, which occurred *after* the husband produced the pornography," did not cause the husband to produce the pornography. *Id.*, ¶17 (alteration in original).

¶20 Similar to *Tarlo*, in this case, Robinson's criminal actions did not occur until *after* the hit and run. Daetwan drove the car used in the hit and run. There is nothing in the record that indicates that Robinson took any action to encourage Daetwan's reckless driving. We are not persuaded that merely being a passenger in the car constitutes "criminal activity" that was a "'substantial factor' in causing the losses." *Wiskerchen*, 385 Wis. 2d 120, ¶25.

¶21 In its decision, the circuit court found that the jury instructions supported ordering restitution. With respect to the first element, the standard jury instructions for harboring and aiding a felon provide:

7

1. (Name of person aided) was a felon.

    A felon is a person who has committed a crime punishable by imprisonment in the Wisconsin state prisons. (Name of crime) is such a crime and the State must prove by evidence which satisfies you beyond a reasonable doubt that (name of person aided) committed that crime. (Name of crime) is committed by one who

    > LIST THE ELEMENTS OF THE ALLEGED CRIME AS IDENTIFIED IN THE UNIFORM INSTRUCTION. ADD DEFINITIONS FROM THE UNIFORM INSTRUCTIONS AS NECESSARY.

*See* WIS JI—CRIMINAL 1791 & cmt. 4. While the circuit court was correct that the standard jury instructions recommend informing the jury of the elements of the aided crime (hit and run), the purpose of listing the elements is to assist the jury in determining whether the person aided (Daetwan) actually engaged in a felony (hit and run). The purpose of the jury instructions is not to make the defendant responsible for that crime.[4]

¶22    Lastly, we note that the State in its brief relies on *State v. Queever*, 2016 WI App 87, 372 Wis. 2d 388, 887 N.W.2d 912. *Queever*, however, is distinguishable.

¶23    In *Queever*, the defendant was convicted of an attempted burglary that took place on August 5, 2014. *Id.*, ¶7. Prior to that date, the family of the

---

[4] We note that in its decision, the circuit court also stated that Marsy's Law was "an additional basis to enhance both the definition of the connection of this defendant to the crime and the assurance that the victim[s'] rights to restitution are protected and construed broadly to provide the victim's protection." *See* WIS. CONST. art. I, § 9m(2)(m). On appeal, the State does not argue that Marsy's Law provides an independent basis to order restitution in the absence of a causal nexus between the crime considered at sentencing and the loss presented for restitution. We accept the State's concession and do not address Marsy's Law further.

victim had suspected a burglar was entering the victim's home and the victim purchased a security system. *Id.*, ¶¶2, 5. The defendant was ordered to pay restitution for the cost of the security system. *Id.*, ¶9. The defendant argued that he should not have to pay for the security system because it was purchased prior to the attempted burglary on August 5. *Id.*, ¶19. This court upheld the order granting restitution. *Id.*, ¶26. In doing so, this court observed that the circuit court found the defendant had committed the previous burglaries of the victim's home. *Id.*, ¶22. Given that the previous burglaries and the attempted burglary involved the same home, the same victim, the same time of night, and each incident involved the perpetrator entering the victim's home through the same sliding glass door, this court concluded that the prior burglaries and the attempted burglary were "part of a single course of criminal conduct." *Id.* Thus, the prior burglaries constituted part of the "crime considered at sentencing." *Id.*

¶24 Here, unlike in *Queever*, there is no finding in the record that Robinson committed the hit and run or took any action that caused or resulted in the hit and run. Rather, Robinson was a passenger in the car and his criminal activity took place after the hit and run. While we acknowledge the horrific nature of the hit and run conduct in this case and we by no means condone Robinson's conduct in helping Daetwan spray paint the car, we are not persuaded based on the evidence presented that the legal standard for ordering Robinson to pay restitution is met.

¶25 Therefore, for the reasons above, we conclude that the circuit court erroneously exercised its discretion when it found a sufficient causal nexus between Robinson's crime and the damages. Accordingly, we reverse the part of his judgment ordering restitution, and remand with directions to enter an amended judgment of conviction that does not include restitution.

9

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.

No.   2022AP2087-CR(D)

¶26   WHITE, C.J. (*dissenting*). Holding Robinson accountable for restitution on a joint and several basis for his role in this crime is appropriate under Wisconsin law. I believe that Robinson's decision to help his brother attempt to evade responsibility for this fatal hit-and-run establishes a causal nexus between the crime for which he was convicted and the damages suffered by the victims. Therefore, I would affirm the circuit court's restitution order and I respectfully dissent.

¶27   Although I generally agree with the Majority's construction of the restitution statute and law in Wisconsin, I disagree with the Majority's application of that law to these facts. Robinson entered a guilty plea to harboring or aiding a felon by falsifying information and in doing so, informed the court that it could rely upon the criminal complaint as the factual basis of the crime. It is undisputed that Robinson was a passenger in Daetwan's vehicle when Daetwan hit several children and then drove away without attempting to aid the victims. It is undisputed that Robinson helped his brother spray paint the vehicle used in the hit-and-run in an attempt to obscure the identification of the vehicle and Daetwan as the driver.

¶28   Robinson argues that his criminal conduct occurred after the hit-and-run, therefore, he was not a cause of the damages to the victims of the hit-and-run. The State argues that Robinson's acts attempted to thwart the prosecution of his brother's crime. The Majority concluded that because Robinson's criminal conduct occurred after the victims were injured and there was no evidence he encouraged Daetwan's reckless driving, Robinson was not a cause of their

damages and restitution was inappropriate. Majority, ¶20. I believe this argument interprets causation too narrowly.

¶29 "An offender cannot escape responsibility for restitution simply because his or her conduct did not directly cause the damage." ***State v. Madlock***, 230 Wis. 2d 324, 336, 602 N.W.2d 104 (Ct. App. 1999). "[A] defendant is responsible for restitution when his or her criminal acts cause harm to the victim, even when the acts of others contributed to the victim's harm as well." ***State v. Rodriguez***, 205 Wis. 2d 620, 630, 556 N.W.2d 140 (Ct. App. 1996). "If damage results from a criminal episode in which the defendant's conduct played only a small and isolated part, the defendant is nonetheless properly held to pay restitution on a joint and several basis." ***Madlock***, 230 Wis. 2d at 336.[1]

¶30 I believe Robinson's crime in concealing his brother's role in the hit-and-run was a "cause" of the harm to the victims and their families because his actions showed his intention to prevent Daetwan from being apprehended, prosecuted, and convicted for fleeing from the scene of an accident he caused. Robinson was attempting to help his brother avoid his duties as a vehicle operator under Wisconsin law. A driver has a duty to stop and "reasonably investigate" if the driver "knows or has reason to know that the accident resulted in injury or death of a person[.]" WIS. STAT. § 346.67(1). A driver has a duty to report any accident that results in injury or death of any person. WIS. STAT. § 346.70(1).

---

[1] This court concluded that restitution was proper for a defendant's "small and isolated" role "even if the defendant had no knowledge of, or complicity in, the event that resulted in the damage." ***State v. Madlock***, 230 Wis. 2d 324, 336-37, 602 N.W.2d 104 (Ct. App. 1999). Here, it is undisputed that Robinson was in the vehicle during the hit-and-run. This adds to the knowledge and weight of his decision to help his brother spray paint the car.

¶31 The crime of hit-and-run arises not just from any injuries or damages in the "hit" part of the crime, but for evading responsibility in the "run" part of the crime. In *Rodriguez*, this court rejected arguments from the driver in a hit-and-run who argued that he was "not liable for restitution because his only 'criminal act,' fleeing the scene of a fatal accident, was not a cause of the death of the victim." *Id.*, 205 Wis. 2d at 624. This court disagreed, instead concluding that by pleading no contest, Rodriguez was admitting "that the totality of his criminal conduct, including fleeing the scene, *resulted* in [the victim's] death[.]" *Id.* at 628. Leaving the scene was as much an element of the crime as operating the vehicle involved in the accident. *Id.* at 628-29. The court held that restitution was permissible because the defendant had been convicted of the crime. *Id.* at 629. In a similar sense, I consider Robinson's actions as extending his brother's attempts to "run" and evade responsibility for the accident.

¶32 I believe the circuit court's restitution order should be sustained. It complies with the purpose and function of restitution in Wisconsin. The restitution statute "reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution." *State v. Kennedy*, 190 Wis. 2d 252, 258, 528 N.W.2d 9 (Ct. App. 1994). "The primary purpose of WIS. STAT. § 973.20 is to compensate the victim." *State v. Wiskerchen*, 2019 WI 1, ¶22, 385 Wis. 2d 120, 921 N.W.2d 730. This court has previously stated "that restitution is the rule and not the exception and that restitution should be ordered whenever warranted." *Madlock*, 230 Wis. 2d at 333.

¶33 Therefore, I respectfully dissent and would affirm the circuit court's order.