COURT OF APPEALS
DECISION
DATED AND FILED

April 1, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1768-CR**

Cir. Ct. No. **2022CF188**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ALEXANDER C. BEAVER,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Walworth County: DANIEL S. JOHNSON, Judge. *Affirmed*.

¶1    NEUBAUER, P.J.[1]  Alexander C. Beaver appeals from the portion of a circuit court order that requires him to pay restitution for half of the value of a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

car he jointly owned with the victim of his criminal conviction for disorderly conduct "because there is no causal nexus between his disorderly conduct and her loss of use of the car." We disagree. The court did not err in finding a "causal nexus" between Beaver's disorderly conduct and the victim's financial loss due to her loss of use of their jointly owned car. This court affirms the order.

¶2 WISCONSIN STAT. § 973.20(1r) requires a sentencing court to "order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing ... unless the court finds substantial reason not to do so and states the reason on the record." Accordingly, "restitution is the rule and not the exception" and "should be ordered whenever warranted." *State v. Madlock*, 230 Wis. 2d 324, 333, 602 N.W.2d 104 (Ct. App.1999).

¶3 In disputes concerning the determination of criminal restitution, this court addresses whether the circuit court misused its discretionary authority. *See State v. Behnke*, 203 Wis. 2d 43, 57, 553 N.W.2d 265 (Ct. App. 1996). A discretionary decision will only be reversed if the circuit court applied the wrong legal standard or did not ground its decision on a logical interpretation of the facts. *See id.* at 58.

¶4 The primary purpose of restitution is not to punish the defendant, but to compensate the victim. *Madlock*, 230 Wis. 2d at 332. The restitution statute "reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution." *Id.* (citing *State v. Kennedy*, 190 Wis. 2d 252, 258, 528 N.W.2d 9 (Ct. App. 1994)). The statute is to be interpreted "broadly and liberally in order to allow victims to recover their losses as a result of a defendant's criminal conduct." *Madlock*, 230

2

Wis. 2d at 332 (citing *State v. Anderson*, 215 Wis. 2d 673, 682, 573 N.W.2d 872 (Ct. App. 1997)).

¶5 Before restitution can be ordered, a causal nexus must be present between the crime committed and the damage to be compensated. *Madlock*, 230 Wis. 2d at 333. In proving causation, a victim need only show that the defendant's criminal activity was a substantial factor in causing injury, damage, or loss; that the defendant's actions were the precipitating cause of the injury, damage, or loss; and that it was the natural consequence of the actions. *See id.*; *see also State v. Behnke*, 203 Wis. 2d 43, 59, 553 N.W.2d 265 (Ct. App. 1996). The victim's burden "is not to prove that the actions were the sole factor." *Behnke*, 203 Wis. 2d at 59.

¶6 As intended by the restitution statute, the "crime considered at sentencing" is defined in broad terms. *See State v. Canady*, 2000 WI App 87, ¶10, 234 Wis. 2d 261, 610 N.W.2d 147. The "crime" encompasses "all facts and reasonable inferences concerning the defendant's activity *related to* the 'crime' for which the defendant was convicted, not just those facts *necessary* to support the elements of the specific charge of which the defendant was convicted." *Madlock*, 230 Wis. 2d at 333. The sentencing court should consider the defendant's "entire course of conduct." *Id.* (citing *State v. Rodriguez*, 205 Wis. 2d 620, 627, 556 N.W.2d 140 (Ct. App. 1996)).

¶7 On July 28, 2023, Beaver was convicted of disorderly conduct for an incident that occurred on July 7, 2021.[2] On January 5, 2024, at the restitution

---

[2] Wisconsin's disorderly conduct statute, WIS. STAT. § 947.01(1) provides:

(continued)

3

hearing, the victim of his crime testified to the following. As of July 7, 2021, she and Beaver had been living together in her apartment for about six months. On that date, she told Beaver she wanted to break up and a fight ensued between them in which Beaver became physical with her. Beaver hit her, grabbed her neck, and threatened himself with a knife and with a firearm. She was eventually able to get Beaver to leave the apartment and he did so in the vehicle they jointly owned. The vehicle has never been returned. As a result, the victim lost total use of the vehicle. The victim provided documentation of, and the court admitted into evidence, "the Kelley Blue Book [valuation] of [the] vehicle that [Beaver] took the night that he left the apartment and didn't give back." Beaver did not testify at the restitution hearing.

¶8 After the conclusion of the restitution hearing, the circuit court entered an order on April 11, 2024, granting the victim restitution in the amount of $5,380.37. This total included $1,802, which was half the value of the vehicle jointly owned by the victim and Beaver. In ordering this amount the court made the following findings:

> On July 7, 2021, the Defendant engaged in conduct that was violent and abusive that tended to case [sic] or provoke a disturbance and that conduct was directed that [sic] the victim, without the victim's consent. The victim suffered injuries that caused her pain and were observable by law enforcement the following day. …
>
> [A]s part of the Defendant's conduct on July 7, 2021, the Defendant took and never returned a 2002 Buick LeSabre vehicle; [] the Defendant and the victim jointly owned the

---

Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor.

vehicle; [] the fair market value of the vehicle at the time of sentencing was $3,604… .

¶9    Based on these findings of fact, the circuit court made the following conclusions of law and ordered:

> There is a casual nexus between the Defendant's crime considered at sentencing and victim's […] loss of the vehicle […] because the Defendant's violent and disorderly conduct was a substantial factor in causing damage to or loss of use of the vehicle […].
>
> The victim is entitled to restitution for the amounts regarding each of the identified categories, if they were established by a preponderance of the evidence. […]
>
> The victim established by a preponderance of the evidence the amount [] for [the loss of the vehicle] by providing credible testimony and evidence regarding [the amount]. […]
>
> As a result of the Defendant's crime considered at sentencing, the victim lost the use of the 2002 Buick LeSabre … and is entitled to restitution for the loss of that property under [WIS. STAT. § [973.20(2). […]
>
> Return of the vehicle […] is impossible, impractical, and inadequate because the current location of the vehicle […] is unknown. … []
>
> The Court must order restitution for the loss of the vehicle based upon the greater of the value of the vehicle on the date of loss or on the date of sentencing. No evidence was presented regarding the value of the vehicle on the date of the loss, but evidence was presented that the value of the vehicle on the date of sentencing was $3604. []
>
> Because the Defendant and the victim jointly owned the vehicle, it is inequitable for the victim to receive full value of the loss of the vehicle. Rather, the victim is entitled to [half] the value - $1,802 – based upon the joint ownership.

¶10    On this record, it was not unreasonable for the circuit court to conclude that Beaver's disorderly conduct was a substantial factor in causing his victim's financial loss of the value of half the jointly-owned vehicle. Indeed, the

evidence in the present case supports a stronger causal nexus between the crime and loss to warrant restitution than the nexus that this court found satisfactory in *State v. Rash*, 2003 WI App 32, 260 Wis. 2d 369, 659 N.W.2d 189. In *Rash*, the victim had just used a remote key to unlock his car when he was abducted by the defendant at gunpoint, forced into the defendant's car, and robbed. *Id.*, ¶2. The victim's car was left behind unlocked. *Id.* Thereafter, the victim's car was found in a different location, damaged, and with items missing. *Id.*, ¶3. It was undisputed that someone other than the defendant had stolen the victim's car, damaged it and took items from it. *Id.* This court determined "it was reasonable for the postconviction court to conclude that but for Rash's crime, [the victim's] car would not have been taken and damaged and [his] property in the car would not have been stolen. *Id.*, ¶8. As in *Rash*, it was reasonable for the court to conclude that, but for Beaver's disorderly conduct, the victim would not have suffered the financial loss of the value of half the jointly owned vehicle. *See id.*, ¶7.

¶11 The circuit court properly determined that the financial loss suffered by Beaver's victim as a result of Beaver taking the vehicle and depriving her of its use, was substantially caused by Beaver's disorderly conduct. The court properly held that the victim carried her burden of proving that the amount of loss she sustained was a result of the crime considered at sentencing. The court reasonably concluded that the victim showed a "causal nexus" between Beaver's disorderly conduct and her loss of use of the jointly-owned vehicle and properly awarded restitution for half the value of the jointly-owned vehicle.

*By the Court.*—Order affirmed.

6

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.