STATE of Wisconsin, Plaintiff-Respondent,

v.

Gilbert RODRIGUEZ, Defendant-Appellant.

Court of Appeals

*No. 95–2135–CR. Submitted on briefs September 3, 1996.—Decided October 23, 1996.*

(Also reported in 556 N.W.2d 140.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Patrick K. Cafferty* of *Hanson, Gasiorkiewicz & Weber, S.C.* of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sharon Ruhly*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Gilbert Rodriguez was convicted on his no contest plea of hit and run in an accident causing death in violation of § 346.67, STATS. The trial court sentenced him to prison and ordered him to pay restitution with the "determination on payment to be determined by Agent." Although the appeal on its face was taken from a judgment of conviction and had the look of a final order, the issue before us proves to be nonfinal. We therefore construe Rodriguez's notice of appeal as a petition for leave to

appeal, and we grant the petition as to the issue of causation only.

On appeal, Rodriguez contends that he is not liable for restitution because his only "criminal act," fleeing the scene of a fatal accident, was not a cause of the death of the victim. We affirm the court's decision to order restitution. Section 973.20(1), STATS.,[1] permits the sentencing court to order restitution upon a defendant's conviction of a crime without regard to whether there is a casual link between a specific element of the crime and the victim's damages. There are other issues regarding the restitution order which were not raised in this appeal. Accordingly, we remand to the trial court to allow for their resolution.

On June 17, 1993, at approximately 8:30 p.m., the victim, Casey B., and his companion, were going to another friend's home on their bicycles. The two were riding eastbound on Kinzie Avenue, with the companion riding on the sidewalk and Casey B. riding in the middle of the road. At the intersection of West Boulevard, Casey B. rode his bicycle into the westbound lane of traffic and was swerving from side to side, playing "chicken" with traffic.

According to witnesses, a Cadillac struck Casey B., at which point Casey B. began to slide toward the westbound traffic and was struck a second time by a Lincoln Continental which was following the Cadillac. The Lincoln swerved and rear ended the Cadillac. The Lincoln then fled from the accident scene at a high rate of speed. Casey B. was later pronounced dead from massive head injuries as a result of the accident.

---

[1] Section 973.20(1), STATS., has been amended and renumbered § 973.20(1r) by 1995-96 Wis. Act 141 § 2. The changes do not affect our analysis. All statutory references are to the 1993-94 statutes.

The next day Rodriguez turned himself in, admitted to driving the Lincoln and to being involved in the accident. Rodriguez left the scene because he did not have a valid driver's license, he had pending citations for operating after revocation and he was on probation for drug dealing. He denied striking Casey B., but stated that "if [he had hit the bicyclist], it was a fraction of a second before he hit the Cadillac." However, both paint and clothing fibers taken from Casey B. matched paint samples removed from the headlight and fibers removed from the lower left license plate of the Lincoln driven by Rodriguez. As a result, a complaint was filed to which Rodriguez pled no contest to hit and run causing death in violation of §§ 346.67(1) and 346.74(5)(d), STATS.

At sentencing, Rodriguez argued that restitution was inappropriate because there was no causal link between the offense committed, the death of Casey B. and the resulting damages. The trial court disagreed and sentenced him to eighteen months in the Wisconsin prison system. The trial court also found that "there is no doubt that [Rodriguez] hit [Casey B.], that his car came in contact. That he was a cause, not maybe the primary cause, but he certainly could be considered to be a cause of what's happened," and ordered restitution to the family. Rodriguez appeals the order for restitution.

On appeal, Rodriguez argues that his criminal acts—fleeing the scene of a fatal accident—were not the cause of Casey B.'s death or the cause of the expenses incurred by the family. He asserts that before restitution may be ordered, there must be a "showing that the defendant's criminal acts caused the victim's injuries for which he is seeking restitution" and no such showing was made here. Finally, even if the

restitution order stands, he claims there is no statutory basis for requiring him to pay for items awarded to Casey B.'s family.

Rodriguez's arguments require us to construe § 973.20, STATS., and apply the statute to the facts of this case. The construction of a statute or statutes, or the application of the same to a particular set of facts, is a question of law which appellate courts decide without deference to the trial court's determination. *See State v. Sostre,* 198 Wis. 2d 409, 414, 542 N.W.2d 774, 776 (1996). In construing the statute, we first look to the language of the statute. If it is not ambiguous, then we are not permitted to use interpretation and construction techniques because the words of the statute must be given their obvious and ordinary meaning. *See Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823-24 (Ct. App. 1983).

We first consider Rodriguez's argument that his criminal acts were not the cause of the victim's death, and likewise were not the cause of the expenses incurred by the family. He maintains that the restitution award was unjustified because the State never established that the cause of the injuries for which restitution was awarded was specific to his criminal conduct, more precisely, fleeing the scene. We are unconvinced. Rodriguez bases his argument on a faulty premise that if the elements of the crime of which he was convicted were scrutinized, his only prohibited act was his actual flight from the scene of the fatal accident.

At sentencing, restitution may be ordered once a defendant has been convicted of any *crime*. Section

973.20, STATS. A *crime* is defined as "*conduct* which is prohibited by state law and punishable by fine or imprisonment or both." Section 939.12, STATS. (emphasis added). Under the restitution statute, the sentencing court takes a defendant's entire course of conduct into consideration. The restitution statute does not empower the court to break down the defendant's conduct into its constituent parts and ascertain whether one or more parts were a cause of the victim's damages.[2]

The crime Rodriguez was convicted of, upon his plea of no contest, has six elements:

(1) defendant operated a motor vehicle involved in an accident;

(2) the accident resulted in injury to any person or other vehicle;

(3) defendant knew that the vehicle he was operating was involved in an accident;

(4) defendant did not remain at the scene of the accident until he had

(a) given his name, address, and the registration number of the vehicle he was driving to the person struck or operator of or person attending any vehicle collided with; and

(b) rendered to any person injured in such accident reasonable assistance including the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is

---

[2] "Elements of a crime" are defined by BLACK'S LAW DICTIONARY 520 (6th ed. 1990), as "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction."

apparent that such treatment is necessary or is requested by the injured person;

(5) defendant was physically capable of complying with the requirements;

(6) the accident involved the death of a person.

*See* WIS J I—CRIMINAL 2670 (1994);[3] *see also State v. Lloyd,* 104 Wis. 2d 49, 59, 310 N.W.2d 617, 623 (Ct. App. 1981).

Rodriguez pled no contest to the crime charged. A no contest plea constitutes an admission by the defendant of his or her past criminal conduct and consents to entry of a criminal judgment conviction without a trial. *See County of Racine v. Smith,* 122 Wis. 2d 431, 437, 362 N.W.2d 439, 442 (Ct. App. 1984). Thus, Rodriguez's plea is an admission that the totality of his criminal conduct, including fleeing the scene, *resulted* in Casey B's death and relieves the State of its burden to prove all of the elements of Rodriguez's criminal conduct beyond a reasonable doubt. *See State v. Sartin,* 200 Wis. 2d 47, 53, 546 N.W.2d 449, 451-52 (1996).

The crime of which Rodriguez stands convicted is not "leaving the scene of an accident," but hit and run in an accident resulting in death. Rodriguez pled no contest and in doing so admitted to all of the elements of the crime, not just to "leaving the scene of an accident." It is undisputed that this is but one element of the "crime" for which Rodriguez was convicted. Leaving the scene of an accident is just as much an

---

[3] WISCONSIN J I— CRIMINAL 2670 was subsequently revised effective January 1996. We, however, refer to the elements as set forth in the 1994 instruction.

element of the offense as operating a vehicle involved in an accident, failing to give a name and address, or failing to render assistance. The fact that leaving the scene of the accident, in itself, may not "result" in death is really not relevant to whether restitution is permissible. The prohibited conduct consisted of operating a vehicle which was involved in an accident and then leaving the scene of the accident before performing specific statutory duties. Although one element on its own may not constitute a crime, when all of these elements are proven or admitted, then a crime has been committed and restitution may be ordered.

Turning to Rodriguez's final argument regarding the items awarded as restitution to the family, the State contends that he failed to contest these items before the trial court and he must therefore "raise his alternative argument by a motion in the trial court seeking modification of the restitution order." We disagree.

At sentencing, Casey B.'s father spoke and requested "roughly $10,000" for the expenses incurred due to the hit and run death of his son. The court replied, "Okay. Because—what you're asking for is certainly appropriate. What we need is an itemization." Casey B.'s father explained that they had "given receipts and everything" to the Victim Witness agency. The State offered to obtain that information for the court. Rodriguez then made his *causation* argument to the court. The court rejected this argument and ordered restitution to the family "in whatever sum *is presented* to the Court, and I will order that the determination and how it be paid be made by [Rodriguez's] parole officer." (Emphasis added.) The State fails to explain and we fail to understand, how

Rodriguez could appropriately contest a restitution order which has not yet been determined or argued.

Based upon our review of the record, we find only one substantive ruling by the trial court so far in this case—that a defendant is responsible for restitution when his or her criminal acts cause harm to the victim, even when the acts of others contributed to the victim's harm as well. We affirm this ruling.

However, the remaining issues raised on appeal have not been addressed by the trial court because the restitution process is not yet completed. While the trial court may have ordered restitution, it did not fix the amount or indicate which items were allowable and which were not. Why not? The answer is simple: these arguments were not made by either party, the court requested more information, the State promised to provide that information and the Department of Corrections had not determined restitution as of the sentencing hearing.

The restitution statutes direct the proper course in such a situation. Section 973.20(13)(c), STATS., requires the court to include an amount of restitution in the sentencing order *if restitution is determined before sentencing* and is stipulated to by the defendant or can be fairly heard at the sentencing proceeding. That, however, did not occur in this case. Rather, the question of restitution was deferred until the court received the additional information it needed.

This course of action is also permitted by the restitution statute. However, § 973.20(13)(c), STATS., *requires* a postsentence restitution hearing unless the defendant stipulates to the restitution. At that

hearing, the burden is on the person claiming restitution. Section 973.20(14)(a).[4] Accordingly, Casey B.'s family must prove they have standing to claim restitution and they must show that the items they claim are recognized by law. Rodriguez need only offer evidence concerning his ability to pay restitution. Section 973.20(14)(b). If restitution is ordered, then the restitution must be incorporated into the sentence or probation order. Section 973.20(13)(c).

We conclude that the issue of the actual amount of restitution was not before the trial court at sentencing. According to the record before this court, the details of the restitution order were reserved for another day. It is evident from the sentencing transcript that Rodriguez did not, nor could he, contest or stipulate to a restitution order which was still to be determined. The record contains nothing pertaining to the trial court's ultimate decision regarding restitution. When the court of appeals is not provided with the trial court's decision, it limits the scope of its appellate review to the record before it. *Nielsen v. Waukesha County Bd. of Supervisors*, 178 Wis. 2d 498, 523, 504 N.W.2d 621, 631 (Ct. App. 1993). Accordingly, we remand to the trial court and leave resolution of the issue of an award of restitution to another day.

*By the Court.*—Judgment affirmed and cause remanded.

---

[4] Section 973.20(14)(a), STATS., has been amended by 1995-96 Wis. Act 142 § 11. The change does not affect our analysis.