KESSLER, P.J.
¶ 1 Damien Farold Robinson appeals from the restitution component of a judgment convicting him of multiple counts of burglary as a party to a crime. Robinson contends that the circuit court erred in its determination of restitution amounts granted to two victims. We affirm.
BACKGROUND
¶ 2 On May 21, 2016, Robinson was charged with eight counts of burglary as a party to a crime and one count of attempted burglary as a party to a crime. According to the criminal complaint, the charges stemmed from Robinson's role in a crime spree, in which Robinson and a co-actor broke into several homes, primarily by kicking in a door.
¶ 3 As relevant to this appeal, Robinson broke into K.S.'s home and stole a television, a laptop, and cash. The complaint described K.S.'s door as "broken inward." Robinson also broke into M.T.'s home. According to the complaint, M.T. was asleep when she heard a knock on her door followed by a "big boom." M.T. heard people walking around the first floor of her home. She called 911 and waited for police to arrive. Robinson stole a watch and television from M.T.'s home. M.T.'s rear door and door frame were both damaged. Pursuant to a plea agreement, Robinson pled guilty to four of the counts while the remaining five counts were dismissed and read in.[1]
¶ 4 At sentencing, the circuit court considered the victims' claims for restitution. K.S. submitted a victim impact statement and a restitution worksheet seeking $1000. The $1000 was broken down as follows: $500 for K.S.'s insurance deductible; $300, not covered by insurance, for a replacement door; and $200 for lost wages. The court granted K.S.'s request for her insurance deductible and a replacement door, stating: "Apparently, the insurance company must [have] said the door was only worth so much when they paid for everything, and it was $300 more.... Maybe she got a stronger door because of what happened. I am going to order $800 to [K.S.]."
¶ 5 M.T. also submitted a victim impact statement and a restitution worksheet. She also testified at the sentencing hearing. M.T. sought $1848.21 in restitution, asking for compensation for the multiple items Robinson stole, a replacement door, lock installation, and the costs associated with boarding up her door immediately following the burglary. The amount also included reimbursement for parking fees associated with court visits and acupuncture treatments she received for anxiety. Robinson's counsel objected to M.T.'s request for $535.57 paid to Carl Krueger Construction for boarding up her door, stating: "The receipt doesn't say what was done. I guess I would think $535 to simply put a board-up, when replacing the door cost half of that, does not seem reasonable." The court granted M.T.'s restitution request for all items except the acupuncture treatments. The court stated that regardless of whether M.T. was overcharged by Carl Krueger Construction, M.T. incurred the cost and was entitled to restitution.
¶ 6 The circuit court sentenced Robinson to a total term of twelve years' initial confinement, to be followed by eight years' extended supervision. The court ordered Robinson to pay restitution, jointly and severally, with his co-actors in specific amounts to each victim, including $800 to K.S., and $1548.21 to M.T. Robinson now appeals, challenging part of K.S.'s and M.T.'s restitution awards.
DISCUSSION
¶ 7 In disputes concerning the calculation of restitution in a criminal case, we review the circuit court's decision for an erroneous exercise of discretion. See State v. Canady , 2000 WI App 87, ¶ 6, 234 Wis. 2d 261, 610 N.W.2d 147. "We may reverse a discretionary decision only if the circuit court applied the wrong legal standard or did not ground its decision on a logical interpretation of the facts." See id.
¶ 8 Criminal restitution is governed by WIS. STAT. § 973.20, which imposes a duty on the circuit court to order restitution to the victim of a crime. Subsection (2) reads in pertinent part:
(b) If return of the property under par. (a) is impossible, impractical or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost or the greater of:
1. The value of the property on the date of its damage, loss or destruction; or
2. The value of the property on the date of sentencing, less the value of any part of the property returned, as of the date of its return[.]
¶ 9 Robinson argues that the circuit court erroneously exercised its discretion in granting K.S. $300 for a replacement door that K.S. said was not covered by insurance. Robinson argues that the court erred for three reasons: (1) there was "no evidence submitted as to what repairs were actually done and what those repairs cost"; (2) the court speculated that K.S. installed a stronger door, which would not be an appropriate replacement cost; and (3) there was no evidence that the amount "was appropriate under the alternative procedure outlined in the statute, which would require [Robinson] to repay the approximate value of the property as it existed before the damage was done." Robinson is mistaken.
¶ 10 First, K.S. was not required to submit documentary evidence of her loss. She was only required to show, by a preponderance of the evidence, that she sustained certain damages. See State v. Queever , 2016 WI App 87, ¶ 16 n.2, 372 Wis. 2d 388, 887 N.W.2d 912 (burden of proof on matters related to restitution is "by the preponderance of the evidence") (citation omitted). Robinson admitted at the plea hearing that he damaged K.S.'s property when he burglarized her home. K.S.'s victim impact statement stated that she incurred a $300 cost to replace her door above what her insurance covered. The circuit court implicitly found this amount reasonable when it found K.S.'s claim to be credible, thus satisfying her burden. Moreover, there was no evidence entered contradicting the reasonableness of the amount K.S. paid to have her door replaced.
¶ 11 As to the circuit court's statement that K.S. may have upgraded to a stronger door, we agree that the court's statement was speculative. However, the court's speculation does not alone constitute an erroneous exercise of discretion. Indeed, if the court awarded K.S. $300 under the belief that K.S. purchased a stronger door, the award would comply with case law holding that a victim is entitled to restitution when he or she can show that items were obtained because a defendant violated the victim's sense of safety. See State v. Behnke , 203 Wis. 2d 43, 60-61, 553 N.W.2d 265 (Ct. App. 1996) (upholding a restitution award to cover the costs of a new dead bolt); State v. Johnson , 2002 WI App 166, ¶ 21, 256 Wis. 2d 871, 649 N.W.2d 284 (upholding a restitution award to cover the costs of a new security system).
¶ 12 Finally, Robinson argues that the circuit court did not evaluate the cost of K.S.'s door before the burglary and order restitution for that amount. A victim is not limited to the "before damage" value of the property at issue. The court found, based on K.S.'s averment, that her cost of replacing the door was $300. The court found K.S.'s assertion to be credible, thus satisfying K.S.'s burden. See State v. Peppertree Resort Villas, Inc. , 2002 WI App 207, ¶ 19, 257 Wis. 2d 421, 651 N.W.2d 345 (stating that where the circuit court acts as finder of fact, it is the ultimate arbiter of credibility). The court properly exercised its discretion.
¶ 13 As to M.T., Robinson challenges the portion of the restitution award granting M.T. $535.57 for door-securing costs incurred immediately after the burglary. Robinson contends that the cost was unreasonable and excessive. Robinson's speculation that M.T. was overcharged for boarding up her door is irrelevant to her restitution award. There is no dispute that M.T. incurred costs in the amount of $535.57 because of the criminal damage to her property. M.T. submitted an invoice to the court showing the amount she paid to have her door boarded after it was damaged. M.T. testified at the sentencing hearing that while she felt overcharged, she needed her door boarded immediately for safety purposes. The court found the evidence credible and implicitly found the amount reasonable under the circumstances. This is sufficient to satisfy M.T.'s burden.
¶ 14 We agree with the State that "Robinson is not entitled to have [the victim] ask for bids from contractors to board up her home.... And he is not entitled to pick the lowest bidder."
¶ 15 For the foregoing reasons, we affirm the circuit court.
By the Court. -Judgment affirmed.
Not recommended for publication in the official reports.

Robinson's burglary of K.S.'s home constituted one of the four convictions, whereas Robinson's burglary of M.T.'s home was a dismissed and read-in crime. But for purposes of restitution, a crime considered at sentencing is both a crime for which the defendant was convicted and a read-in crime. See Wis. Stat. § 973.20(1g)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.