**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 6, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1866-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2012CF322**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

TIMOTHY MICHAEL KIELB,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Douglas County: KELLY J. THIMM, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings.*

Before Stark, P.J., Hruz, and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Timothy Kielb was convicted of one count of burglary of a building or dwelling, as a party to the crime. The circuit court ordered him to pay the victims $7589.47 in restitution. Kielb now appeals, challenging three items of restitution that the court ordered him to pay: (1) the cost the victims paid to install a security system; (2) approximately four years of monthly maintenance fees for the security system; and (3) the cost to flush the gas tank of the victims' motorcycle. Kielb contends the court could not award these amounts as restitution, as a matter of law, because they would not have been recoverable in a civil action against Kielb for his conduct in the commission of a crime considered at sentencing. *See* WIS. STAT. § 973.20(5)(a) (2017-18).[1] He also argues the court erroneously exercised its discretion by awarding as restitution the cost to flush the motorcycle's gas tank and the monthly maintenance fees for the victims' security system. In the alternative, Kielb argues his trial attorney was ineffective by failing to argue that the costs identified above could not be awarded as restitution based on the civil action limitation in § 973.20(5)(a).

¶2    We conclude as follows: (1) Kielb forfeited his argument that the civil action limitation in WIS. STAT. § 973.20(5)(a) barred the circuit court from awarding the disputed expenses as restitution; (2) Kielb's trial attorney was not ineffective by failing to object to those expenses based on the civil action limitation; and (3) the court did not erroneously exercise its discretion by awarding the victims the cost to flush their motorcycle's gas tank. We therefore affirm in part.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3  However, we conclude the circuit court erroneously exercised its discretion by ordering Kielb to pay approximately four years of monthly maintenance fees for the victims' security system.  The court failed to acknowledge that it had received conflicting evidence as to whether the monthly maintenance fees could be distinguished from the cost to install the security system.  In addition, the court did not adequately explain why it decided to award four years of monthly maintenance fees, as opposed to some other amount.  Finally, the court failed to address Kielb's argument that ordering him to pay four years of monthly maintenance fees would be inequitable under the circumstances.  We therefore remand for the court to readdress the issue of monthly maintenance fees.  On remand, the court must determine what amount the victims paid to install the security system, as distinct from the monthly maintenance fees.  The court must then determine what portion of the maintenance fees, if any, Kielb should be required to pay as restitution.[2]

## BACKGROUND

¶4  On September 28, 2012, the State filed a criminal complaint charging Kielb with a single count of burglary of a building or dwelling.  The complaint alleged that on or about September 21, 2012, Kielb and four other individuals entered the residence of T.L. and his wife, C.L., without their consent,

---

[2] Kielb also argues that his trial attorney was ineffective by failing to present certain evidence at the restitution hearing that would have allowed the circuit court to differentiate between the installation cost of the security system and the monthly maintenance fees.  In light of our conclusion that the court erroneously exercised its discretion when awarding the monthly maintenance fees as restitution, we need not address this argument.  On remand, the court must determine what amount the victims paid to install the security system, as distinguished from the monthly maintenance fees.

and stole money and other property. The State later amended the charge against Kielb to one count of burglary of a building or dwelling, as a party to the crime.

¶5 After making several appearances in this case, Kielb was taken into custody on federal charges. As a result, he failed to appear at a hearing on August 2, 2013, and a bench warrant was issued for his arrest. While in custody on the federal charges, Kielb made multiple attempts to resolve the burglary charge at issue in this case. However, the district attorney's office failed to file a detainer against him for an extended period of time. Consequently, Kielb was not returned to court on the burglary charge until July 14, 2017.

¶6 On that date, the case was resolved pursuant to a plea agreement. Kielb agreed to enter a guilty or no contest plea to the burglary charge in exchange for a joint recommendation of a withheld sentence and five years' probation. The parties also agreed that a restitution hearing would be scheduled. The circuit court accepted Kielb's guilty plea and sentenced him consistent with the joint recommendation.

¶7 On the day of the plea hearing, the State filed a restitution request form that T.L. had completed on April 25, 2017. On the form, T.L. requested restitution for various expenses, including $2932 for a home security system. That amount was comprised of a $347 installation fee, plus maintenance fees of $55 per month for the forty-seven-month period from the time the system was installed in June 2013 until April 2017. T.L. spoke at the plea hearing and confirmed that he had paid about $350 to have the security system installed.

¶8 The circuit court held a restitution hearing on September 11, 2017. C.L. testified at the hearing and, as relevant to this appeal, requested restitution of $176 for the cost of flushing the gas tank of a motorcycle that she and T.L. owned.

She submitted an invoice from Superior Motorcycle Service in support of that request. C.L. explained, "We had believed that there was a possibility that our gas tank could have been tampered with [during the burglary], so we had them take and flush the gas tank to make sure that there was no tampering." On cross-examination, C.L. confirmed that the motorcycle's gas tank was not actually tampered with during the burglary. When asked why she was concerned about tampering, she replied, "Because one of the gang—I was afraid of retribution." C.L. then reiterated that she "[a]bsolutely" believed one of the burglars might have tampered with the motorcycle's gas tank.

¶9     C.L. also testified during the restitution hearing that she and T.L. had installed a security system in their home after the burglary "so that [they] could feel safe in [their] home." C.L. requested $3090 in restitution for the security system. When asked how she had calculated that amount, C.L. stated she had added up the monthly maintenance fees for the system from the date of installation in June 2013 until the date of the restitution hearing. The circuit court asked C.L. to clarify what the installation cost for the security system was, as opposed to the monthly fees. C.L. responded, "I believe when we bought the security system that there was not an installation [fee], it was kind of put into our monthly—our monthly things." C.L. subsequently confirmed that there was "no initial installation fee" for the security system.

¶10     Kielb's trial attorney objected to the circuit court awarding as restitution both the cost to flush the motorcycle's gas tank and the monthly maintenance fees for the victims' security system. With respect to the cost of flushing the gas tank, counsel argued that expense did not "directly stem[] from the burglary." As for the security system, counsel argued:

> Regarding the [security system], I think an installation fee would be reasonable here, but the request is over—is $3,090 for the past four years of fees. My concern here is that this was never brought up with the codefendants. This was installed in 2013. The codefendants' cases were still active at that time. I believe they resolved in later 2013. This is the first time this request has been brought up. And while the installation fee would stem from—and I think would be reasonable—the payments of $3,090 solely to Mr. Kielb over the past four years is simply because Mr. Kielb's case was active in the past four years. We know it was active in the past four years, because the prior District Attorney never put in a writ to have Mr. Kielb come up here. I think when we look at it that way, it doesn't seem equitable then to order that amount on Mr. Kielb.

¶11     The circuit court ultimately ordered Kielb to pay restitution in the amount of $7589.47, "joint and several with the other co-defendants." The restitution included the amounts C.L. had requested for the security system's installation and monthly maintenance fees, as well as the cost to flush the motorcycle's gas tank. The court found "the testimony and the evidence presented by the State to be credible" and specifically found that C.L. was a credible witness. With respect to the motorcycle, the court reasoned:

> And I look at that as, again, it's a special expense. I don't see why if a victim feels something was tampered with, they shouldn't be allowed to have it checked out by a professional. In this particular instance, it was a motorcycle. If something else—if they had somebody that would walk through the house and make sure everything was okay and they had to pay a professional to do that, I also think that's a special expense that would be covered under the restitution statute.

¶12     In explaining its decision regarding the security system, the circuit court stated:

> [T]here is a case out there that I found and it's [*State v. Johnson*, 2002 WI App 166, 256 Wis. 2d 871, 649 N.W.2d 284]. It's a Court of Appeals case that allows for

restitution for the installation of a home security system after a crime was committed. The question becomes, well, what about the monthly expenses on it? And that's where I have a little bit of a hard time with the monthly expenses, because according to [C.L.], it was part of the monthly expenses of it. So we don't know exactly how much the installation was, but it was part of the monthly expenses. I don't know how to break that up.

And I can say, under special damages, quite frankly, if you can put in the security system, why can't it be ordered that payment of the monthly fee also be paid? So I think it flows from the ability to have the security system, because if you put it in, but there's not restitution ordered to pay for it in the long run, it doesn't make sense to me that you can order one but not the other. So, in my opinion, it would be covered for a monthly fee.

And the statute also talks about restitution can be ordered for counseling, things that are ongoing, like the security system. The victim in this case is asking for up-to-date—up to today, the expenses for it which adds up to $3,090. And I find that that is credible and do find that the State has met its burden of proof.

¶13 The clerk of courts' office subsequently determined that, after deducting restitution payments made by Kielb's codefendants, $4539.47 remained due and owing to T.L. and C.L. That amount was then paid using funds that had been posted as cash bail for Kielb.

¶14 Kielb filed a postconviction motion to modify restitution. He contended his trial attorney was ineffective by failing to argue that the circuit court could not award the security system costs and the cost to flush the motorcycle's gas tank as restitution because those expenses would not be recoverable in a civil action against Kielb for his conduct in the commission of a crime considered at sentencing, as required by WIS. STAT. § 973.20(5)(a). The court denied Kielb's

postconviction motion, following a ***Machner***[3] hearing. It concluded Kielb's trial attorney's performance at the restitution hearing was neither deficient nor prejudicial. Kielb now appeals.

## DISCUSSION

*I. Kielb forfeited his argument that the civil action limitation precluded the circuit court from awarding the security system costs and the cost of flushing the motorcycle's gas tank as restitution.*

¶15 Kielb's first argument on appeal is that the circuit court erred by awarding as restitution the victims' security system costs and the cost of flushing their motorcycle's gas tank because those expenses are barred by the civil action limitation in WIS. STAT. § 973.20(5)(a). That statute provides that a restitution order may require a defendant to "[p]ay all special damages, but not general damages, substantiated by evidence in the record, *which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing.*" ***Id.*** (emphasis added). Kielb argues the expenses identified above could not have been recovered in a civil action against him for his conduct in committing the burglary, and, as a result, the court lacked authority to order them as restitution.

¶16 Kielb forfeited this argument by failing to raise it in the circuit court. During the restitution hearing, Kielb argued the court should not award the cost to flush the victims' motorcycle's gas tank because that expense did not "directly stem[] from the burglary." Kielb conceded that it would be "reasonable" for the court to award the cost to install the victims' security system, but he argued it

---

[3] *See* ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

would be inequitable to award approximately four years of monthly maintenance fees because Kielb was not at fault for the delay in resolving his case and because none of Kielb's codefendants had been ordered to pay the monthly maintenance fees as restitution. Kielb never argued that the court could not award either the security system costs or the cost to flush the motorcycle's gas tank based on the civil action limitation in WIS. STAT. § 973.20(5)(a). Thereafter, in his postconviction motion to modify restitution, Kielb did not directly challenge the restitution order based on the civil action limitation. Instead, he argued his trial attorney was ineffective by failing to argue during the restitution hearing that the civil action limitation barred the court from awarding the expenses in question.

¶17 Arguments raised for the first time on appeal are generally deemed forfeited. *Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810. "We will not … blindside trial courts with reversals based on theories which did not originate in their forum." *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995). Although we have authority to ignore a forfeiture, "the normal procedure in criminal cases is to address [a forfeited issue] within the rubric of the ineffective assistance of counsel." *State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). We therefore turn to Kielb's alternative argument that his trial attorney was ineffective by failing to object to the security system costs and the cost of flushing the motorcycle's gas tank based on the civil action limitation.

*II. Kielb's trial attorney was not ineffective by failing to object to the security system costs and the cost of flushing the motorcycle's gas tank based on the civil action limitation.*

¶18 Whether an attorney rendered ineffective assistance is a mixed question of fact and law. *State v. Nielsen*, 2001 WI App 192, ¶14, 247 Wis. 2d

9

466, 634 N.W.2d 325. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* However, whether the defendant's proof is sufficient to establish ineffective assistance is a question of law that we review independently. *Id.*

¶19 To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, the defendant must point to specific acts or omissions by counsel that are "outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, the defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

¶20 If a defendant fails to make a sufficient showing on one prong of the *Strickland* test, we need not address the other. *Id.* at 697. In this case, we need not address prejudice because, for the reasons explained below, we conclude Kielb's trial attorney did not perform deficiently by failing to argue that the civil action limitation barred the circuit court from awarding as restitution the security system costs and the cost to flush the motorcycle's gas tank.

*A. Security system installation cost*

¶21 As noted above, Kielb's trial attorney conceded during the restitution hearing that it would be "reasonable" for the circuit court to award the installation cost for the victims' security system as restitution. Kielb argues his attorney should have instead argued that the civil action limitation barred the court from ordering him to pay that amount. He contends the installation cost of the

security system could not have been recovered in a civil action against him for his conduct in the commission of the only crime considered at sentencing—i.e., burglary of a building or dwelling. *See* WIS. STAT. § 973.20(5)(a). Specifically, he argues the installation cost would not have been recoverable in a civil action against him for either conversion or trespass.[4]

¶22 Kielb's trial attorney did not perform deficiently by failing to argue that the civil action limitation prevented the circuit court from awarding the installation cost for the security system as restitution. As Kielb concedes, there is a long line of Wisconsin cases "holding that the cost to install or upgrade a lock or security system can be awarded as special damages under the restitution statute." *See, e.g.*, ***Johnson***, 256 Wis. 2d 871, ¶1 (cost to install a security system); ***State v. Behnke***, 203 Wis. 2d 43, 60-61, 553 N.W.2d 265 (Ct. App. 1996) (cost to install a new lock). Based on those cases, Kielb's trial attorney could reasonably conclude that the circuit court had authority to award the installation cost of the victims' security system as restitution.

¶23 Kielb argues that none of the prior Wisconsin cases upholding restitution awards for the cost to install or upgrade security systems or locks

---

[4] Burglary of a building or dwelling is committed by a person who intentionally enters a building or dwelling without the consent of the person in lawful possession and with intent to steal or commit a felony. *See* WIS. STAT. § 943.10(1m)(a). Here, the criminal complaint alleged that Kielb committed burglary of a building or dwelling by entering the victims' residence without their consent and stealing money and various items of property.

The elements of a civil conversion claim, in turn, are: "(1) intentional control or taking of property belonging to another, (2) without the owner's consent, (3) resulting in serious interference with the rights of the owner to possess the property." ***H.A. Friend & Co. v. Professional Stationery, Inc.***, 2006 WI App 141, ¶11, 294 Wis. 2d 754, 720 N.W.2d 96. A person is liable for civil trespass if he or she enters or remains upon land in the possession of another without the possessor's consent. ***Grygiel v. Monches Fish & Game Club, Inc.***, 2010 WI 93, ¶¶40-41, 328 Wis. 2d 436, 787 N.W.2d 6.

addressed the civil action limitation. Accordingly, he contends his trial attorney could not rely on those cases as permitting such a restitution award and should have instead raised the civil action limitation as a defense during the restitution hearing.

¶24 We concede that, at the time of the restitution hearing, there was no Wisconsin case specifically addressing the civil action limitation's applicability to security system installation costs. However, we are not persuaded that trial counsel therefore performed deficiently by failing to object based on the civil action limitation. Again, counsel was faced with a long line of cases holding, as a general matter, that such expenses could be awarded as restitution. In addition, there was no case clearly holding that security system installation costs were barred by the civil action limitation.

¶25 Under these circumstances, the issue of whether the civil action limitation barred a court from awarding security system installation costs as restitution was, at most, unsettled. "[I]t is axiomatic that '[c]ounsel is not required to object and argue a point of law that is unsettled.'" *State v. Maday*, 2017 WI 28, ¶55, 374 Wis. 2d 164, 892 N.W.2d 611 (quoting *State v. Maloney*, 2005 WI 74, ¶28, 281 Wis. 2d 595, 698 N.W.2d 583). Instead, "ineffective assistance of counsel cases should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue." *Maloney*, 281 Wis. 2d 595, ¶29 (quoting *State v. McMahon*, 186 Wis. 2d 68, 85, 519 N.W.2d 621 (Ct. App. 1994)). "When the law is unsettled, the failure to raise an issue is objectively reasonable and therefore not deficient performance." *State v. Jackson*, 2011 WI App 63, ¶10, 333 Wis. 2d 665, 799 N.W.2d 461.

¶26 On appeal, Kielb relies on ***State v. Steppke***, No. 2017AP1683, unpublished slip op. (WI App Mar. 1, 2018)—an unpublished, one-judge opinion—to support his claim that the security system costs in this case could not properly be awarded as restitution. In ***Steppke***, the circuit court ordered the defendant to pay $16,124.40 in restitution for upgrades to the victim's security system following a theft. ***Id.***, ¶1. On appeal, this court held that the cost of the upgrades could not be awarded as restitution because it could not have been awarded in a civil action against the defendant for conversion. *See **id.***, ¶¶13-15.

¶27 Kielb's reliance on ***Steppke*** is misplaced. Notably, ***Steppke*** was not issued until March 1, 2018, more than five months after Kielb's restitution hearing. Consequently, ***Steppke*** did not provide any basis for Kielb's trial attorney to argue, at the time of the restitution hearing, that the civil action limitation barred the circuit court from awarding the installation cost of the victims' security system as restitution. Further, ***Steppke*** addressed a restitution request for costs incurred to upgrade an existing security system, not costs incurred for its initial installation. Finally, as an unpublished opinion, ***Steppke*** is not binding authority. *See* WIS. STAT. RULE 809.23(3). In light of the prior published cases upholding restitution awards for security system installation costs, ***Steppke*** at most shows that the state of the law in this area is unsettled. Again, an attorney's failure to raise an issue is not deficient performance when the law is unsettled. *See **Jackson***, 333 Wis. 2d 665, ¶10.

B. *Security system monthly maintenance fees*

¶28 We similarly conclude that Kielb's trial attorney did not perform deficiently by failing to argue that the civil action limitation barred the circuit court from awarding as restitution the monthly maintenance fees for the victims'

security system. At the time of the restitution hearing, *Johnson* and its progeny clearly held, as a general matter, that security system installation costs could be awarded as restitution. Although those cases did not address monthly maintenance fees for security systems, it would be reasonable to conclude that if the installation cost of a security system was a permissible item of restitution, the maintenance fees would be too. As the circuit court noted, the ability to install a security system is essentially meaningless without the monthly fees that pay for its continued operation. Moreover, Kielb cites no binding Wisconsin authority supporting a conclusion that the civil action limitation barred the circuit court from awarding the monthly maintenance fees as restitution.

¶29 We therefore agree with the State that the law in this area is unsettled. As such, we reject Kielb's assertion that his attorney performed deficiently by failing to challenge the award of monthly maintenance fees based on the civil action limitation. *See Jackson*, 333 Wis. 2d 665, ¶10.

*C. Cost to flush the motorcycle's gas tank*

¶30 Kielb also contends his trial attorney should have argued that the civil action limitation prevented the circuit court from awarding as restitution the cost to flush the victims' motorcycle's gas tank. We conclude counsel did not perform deficiently in this respect because that expense would have been recoverable in a civil action against Kielb for trespass.

¶31 In Wisconsin, compensatory damages may be awarded on a civil trespass claim. *Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶44, 328 Wis. 2d 436, 787 N.W.2d 6. Those damages may include the cost to replace or restore property damaged during the trespass. *See Threlfall v. Town of Muscoda*, 190 Wis. 2d 121, 132-36, 527 N.W.2d 367 (Ct. App. 1994). Here, C.L.

testified at the restitution hearing that she and her husband paid to have their motorcycle's gas tank flushed because they were concerned that Kielb or one of his codefendants had tampered with the motorcycle during the burglary. In other words, they were concerned that one of the burglars had damaged the motorcycle, and they therefore paid to investigate and remedy that damage. This is the type of expense that would have been recoverable in a civil action against Kielb for trespass. In addition, Kielb does not cite any legal authority supporting the proposition that the cost to flush the motorcycle's gas tank would not have been recoverable in a civil trespass action. Under these circumstances, Kielb's trial attorney did not perform deficiently by failing to object to that expense based on the civil action limitation.

### III. The circuit court did not erroneously exercise its discretion by ordering Kielb to pay the cost of flushing the motorcycle's gas tank.

¶32 Kielb also argues that, regardless of whether the civil action limitation prevented the circuit court from awarding the cost to flush the motorcycle's gas tank as restitution, the court erred by awarding that expense because the victims failed to establish that it was caused by the burglary. We review a circuit court's restitution order for an erroneous exercise of discretion. *State v. Madlock*, 230 Wis. 2d 324, 329, 602 N.W.2d 104 (Ct. App. 1999). A court properly exercises its discretion when it logically interprets the facts, applies the proper legal standard, and uses a demonstrated, rational process to reach a reasonable conclusion. *State v. Longmire*, 2004 WI App 90, ¶16, 272 Wis. 2d 759, 681 N.W.2d 534.

¶33 A victim seeking restitution has the burden to prove, by a preponderance of the evidence, that there is a causal nexus between the amounts claimed as restitution and the crime considered at sentencing. *See* WIS. STAT.

§ 973.20(14)(a); *State v. Canady*, 2000 WI App 87, ¶9, 234 Wis. 2d 261, 610 N.W.2d 147. In other words, the victim must show that the defendant's criminal activity was a substantial factor in causing the claimed damages. *Canady*, 234 Wis. 2d 261, ¶9. "The defendant's actions must be the 'precipitating cause of the injury' and the harm must have resulted from 'the natural consequence[s] of the actions.'" *Id.* (citation omitted).

¶34 Here, C.L. testified that she and her husband paid to have their motorcycle's gas tank flushed because they believed it might have been tampered with during the burglary as a form of "retribution." C.L. further testified that the cost of that service was $176. The circuit court expressly determined that C.L. was a credible witness. In addition, the State introduced a police report during the restitution hearing that indicated Kielb and a codefendant were inside the victims' garage in the vicinity of the motorcycle during the burglary. Based on the evidence introduced at the restitution hearing, the court could reasonably conclude that a causal nexus existed between Kielb's criminal activity and the cost to flush the motorcycle's gas tank. The evidence indicated that, but for the burglary, the victims would not have incurred that expense.

¶35 Kielb's arguments to the contrary are unavailing. He asserts the evidence "did not support any reason for C.L. to believe that the motorcycle had been touched, or tampered with, during the burglary of her home." While we agree there was no direct evidence that the motorcycle had been tampered with, C.L. expressly testified that she and her husband believed the burglars may have tampered with their motorcycle, and there was evidence that Kielb and a codefendant were in the vicinity of the motorcycle during the burglary. In addition, there was no evidence that the victims would have paid to have the motorcycle's gas tank flushed absent the burglary. On this record, we cannot

conclude the circuit court erroneously exercised its discretion by determining that a causal nexus existed between the burglary and the cost to flush the motorcycle's gas tank.

¶36      Kielb also argues the evidence did not support the claimed $176 cost of flushing the gas tank.  He notes that, although C.L. submitted an invoice from Superior Motorcycle Service in support of that expense, the invoice does not clearly show that the $176 charge was for flushing the motorcycle's gas tank.  We conclude the lack of clarity regarding the services reflected on the invoice is immaterial.  C.L. expressly testified that she and her husband paid to have the motorcycle's gas tank flushed, at a cost of $176.  Again, the circuit court found C.L. to be a credible witness.  When the circuit court acts as the finder of fact, it is the ultimate arbiter of the witnesses' credibility and the weight to be given to their testimony.  *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345.  Given C.L.'s testimony and the record as a whole, the court did not erroneously exercise its discretion by determining that the victims paid $176 to have the motorcycle's gas tank flushed.

*IV.  The circuit court erroneously exercised its discretion by ordering Kielb to pay approximately four years of monthly maintenance fees for the victims' security system.*

¶37      Finally, Kielb argues that, regardless of any arguments pertaining to the civil action limitation, the circuit court erroneously exercised its discretion by awarding as restitution approximately four years of monthly maintenance fees for the victims' security system.  We agree that the court erroneously exercised its discretion when awarding the monthly maintenance fees, for three reasons.

¶38      First, the circuit court apparently believed, based on C.L.'s testimony, that it was impossible to separate the installation cost of the security

system from the monthly maintenance fees. The court seemingly did not recall that, at the time of the plea hearing, it had received information from T.L. indicating that the victims paid an installation fee for the security system of approximately $350. The court did not address T.L.'s representations about the installation fee during its oral ruling on restitution.

¶39 Second, the circuit court did not explain why it decided to award the victims approximately four years of monthly maintenance fees, as opposed to some other amount. While the court explained, as a general matter, that the security system would not be effective without the maintenance fees, it did not provide any basis for its conclusion it was appropriate to award approximately four years of those fees.

¶40 Third, the circuit court did not address Kielb's argument that, under the circumstances, requiring him to pay four years of the monthly maintenance fees would be inequitable. During the restitution hearing, Kielb's trial attorney noted that although Kielb's codefendants' cases were still pending at the time the security system was installed, none of his codefendants were ordered to pay any portion of the system's cost as restitution. Kielb's trial attorney argued it would be inequitable to make Kielb solely responsible for four years of monthly maintenance fees, merely because his case alone had remained pending for that length of time. Counsel also noted that Kielb was not at fault for the lengthy delay in resolving his case; rather, the district attorney's office had failed to file a detainer against him. The court did not address these arguments in any way during its remarks at the restitution hearing. It simply awarded four years of monthly maintenance fees as requested by the victims, without explaining why it was appropriate to order Kielb alone to pay that amount.

¶41     For these reasons, we conclude the circuit court erroneously exercised its discretion by awarding approximately four years of monthly maintenance fees for the victims' security system as restitution.  We therefore reverse in part and remand for the court to readdress the issue of monthly maintenance fees.  In so doing, the court must distinguish between the amount the victims paid to install the security system and the amount they paid for monthly maintenance fees.  The court must then determine what portion of the monthly maintenance fees, if any, Kielb should be required to pay as restitution.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.